UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE TACTICAL TAILOR, INC., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DANIEL K. HIRAYAMA, d/b/a SEMPER PARATUS TACTICAL,<br><br>　　　　　Defendant. | Case No. C05-5463FDB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT |

This matter is before the Court on Defendant's motion to dismiss, or in the alternative, for a more definite statement. The Court, having reviewed the motion, opposition, and balance of the record, finds that the motion shall be denied.

I.

Plaintiff manufactures gear and accessories out of nylon and other materials for customers in the military and in law enforcement. Plaintiff alleges that it has developed several unique patterns for use in making its products. In particular, Plaintiff alleges ownership of registered copyrights in a Pattern for a Magazine Pouch and a Belt Hanger. In its Complaint, Plaintiff alleges that Defendant, a former employee, has copied Plaintiff's copyrighted patterns and is manufacturing products using those patterns.

ORDER - 1

Defendant argues that copyright protection does not extend to a useful article nor to the design or pattern for the useful article, and posits that the issue before the Court is whether Plaintiff can prevent Defendant from copying Plaintiff's clothing blueprint to prevent Defendant from manufacturing a useful product of clothing similar to Plaintiff's product.

## II.

In determining a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 102 (1957); *Parks*, 51 F.3d at 1484. Ordinarily, the Court will consider only what is apparent from the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977 (9th Cir. 2002). The likelihood of success on the merits is not at issue. *Cruz v. Tormey*, 582 F.2d 45 (9th Cir. 1978).

The threshold to state a claim for relief is not high. A plaintiff only needs to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). To state a claim for copyright infringement, the claimant must allege ownership of a copyright and copying of protected elements by the defendant. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000); *Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1151 (9th Cir. 1986).

## III.

The Complaint in this case states a claim for relief. Paragraph 4.2 of the Complaint alleges that Plaintiff is the owner of registered copyrights in the pattern for a magazine pouch and a belt hanger. Paragraph 3.9 alleges that Defendant made copies of actual patterns "which Defendant is using to produce products virtually identical to products sold by Plaintiff." Plaintiff alleges that

ORDER - 2

Defendant has made an unauthorized reproduction of Plaintiff's copyrighted patterns. Accordingly, the Complaint alleges a set of facts which, if true, establish infringement of Plaintiff's copyrights pursuant to 17 U.S.C. §§ 106 and 501. Defendant's argument that the actual articles are ineligible for copyright protection because they are useful articles is an issue of fact, which cannot be determined on a motion to dismiss for failure to state a claim.

IV.

Fed.R.Civ.P. 12(e) allows a defendant to move for a more definite statement if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." It is clear from the foregoing discussion, Defendant's receipt of the certificates of registration and copies of material submitted to the Copyright Office, and Defendant's articulation of his defenses, that the Complaint is sufficiently clear to allow Defendant to reasonably prepare his answer.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant's motion to dismiss or, in the alternative, for a more definite statement (Dkt. #7) is **DENIED**.

DATED this 8th day of September, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3